GAIDRY, J.
Un this suit for judicial review of a licensing board decision, the board appeals a judgment modifying its order revoking a license. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
Dawn Chadwick, a licensed professional counselor, was appointed by the district court in September of 2006 to perform a custody evaluation in a suit for custody of a minor child where there were allegations of sexual abuse of the minor child by the child’s mother and her boyfriend (now husband). Ms. Chadwick met with the parties on many occasions in 2006 and 2007. Because the mother and her husband were displeased with their sessions with Ms. Chadwick, they purchased a digital recording device and began recording the sessions. A custody evaluation was also performed by another counselor at their request.
On July 23, 2007, the mother and her husband filed a complaint with the Louisiana Professional Counselors Board of Examiners (“the Board”), alleging professional misconduct and violations of the Louisiana Licensed Professional Counselors Code of Ethics by Ms. Chadwick. Specifically, they alleged that she conducted a custody evaluation despite the fact that she already had a counseling relationship with the child and one of the parents, in violation of LAC JeiLX^lOSCAXl),[1] (F)(1),[2] and (H);[3] disclosed | .^confidential *422 information, in violation of LAC 46:LX.2103(A)(1) and (C)(1)[4] and 2105(A)(1),[5] (5),[6] (6),[7] (7),[8] (B)(2),[9] and (D)(2)[10] and (5);[11] engaged in unprofessional behavior when interviewing the child and his mother and her husband for the custody evaluation, in violation of LAC 46:LX.2103(A)(1), J4_(C)(3),[12] and (E)(1)[13] and (2);[14] and made false statements regarding court documents, in violation of LAC 46:LX.2105(D)(1)[15] and *423 2107(E)(3)[16] and (F)(3).[17]
The Board conducted a hearing on the complaint on July 16, 2010. In addition to reviewing the audiotapes of the sessions recorded by the mother, the Board heard testimony from the mother and her husband; the father; the investigator who looked into the complaints against Ms. Chadwick; Dr. Rafael Salcedo, a forensic psychologist; Alicia Pellegrin, the counsel- or who evaluated the parties after Ms. Chadwick; and from Ms. Chadwick.
After the hearing, the Board made the following findings: Ms. Chadwick had no significant specific training as a custody evaluator or a family therapist; although Ms. Chadwick was hired to perform a custody evaluation, her sessions “clearly went beyond pure ‘evaluation’ and took on the status of a counseling relationship;” Ms. Chadwick’s actions of having the mother and child in the counseling room at the same time was “clearly improper;” Ms. Chadwick’s serving in the dual roles of custody evaluator and sex abuse evaluator was improper; Ms. Chadwick’s interview methods were improper; and although no disciplinary charges were brought on this infraction, it appeared that Ms. Chadwick improperly billed the parties’ insurance for “counseling” while performing a custody evaluation.
The Board concluded that Ms. Chadwick violated the rules applicable to counselors against dual relationships and conflicts of interest because she clearly had a therapeutic as well as evaluator relationship with the parents and child. The Board observed that Ms. Chadwick “has a total lack of awareness of the ethical issues, and does not appear to recognize the difference between her roles as an investigator, evaluator, and therapist.” The Board also found that Ms. Chadwick violated the rules against unprofessional behavior by interviewing the mother with the child in the room and by suggesting that the mother did not love the child in front of the child. The Board found there to be no mitigating factors to consider, based upon its observation that Ms. Chadwick’s testimony and demeanor at the hearing reflected a total lack of awareness of the complex ethical issues entailed and a complete lack of remorse for her actions and the harm which resulted.
For those reasons, the Board unanimously found that Ms. Chadwick violated the rules applicable to counselors by clear and convincing evidence and ordered her license revoked. The Board further ordered that Ms. Chadwick could reapply for licensure after two years. Ms. Chadwick filed a petition for judicial review of the Board’s decision in the 19th Judicial District Court, in accordance with La. R.S. 37:1105(E).
After a review of the proceeding before the Board, the district court found that while Ms. Chadwick may have violated the rules prohibiting | (¡counselors from provid *424 ing counseling to a family while also preparing an evaluation, the court found that “it was not done in bad faith or with any intent to break rules.” The court rendered judgment modifying the Board’s decision revoking Ms. Chadwick’s license to instead provide for a three-month suspension of her license, retroactive to the date of the revocation by the Board.
The Board appealed the district court’s judgment, asserting that the court applied an incorrect standard of review and thus erred in setting aside the Board’s sanction and substituting its own judgment for that of the Board.
DISCUSSION
The Board is a statutorily-created entity within the Louisiana Department of Health and Hospitals. La. R.S. 37:1104. The Board was created for the purpose of regulating the activities of persons who render mental health counseling services to the public. La. R.S. 37:1102. It has the authority to license mental health counselors and may also take disciplinary action against licensed counselors, including revoking or suspending any license issued by it. La. R.S. 37:1105(E). Pursuant to the mandate of La. R.S. 37:1105(D), the Board adopted the Code of Ethics of the American Counseling Association. It has also adopted rules and regulations which set out the procedures to be followed by the Board when disciplinary hearings are held. The Louisiana Mental Health Counselor Licensing Act provides that the Board shall withhold, deny, revoke, or suspend any license issued or otherwise discipline a licensee upon proof that the licensee has violated the code of ethics adopted by the Board. La. R.S. 37:1110(A)(3).
Any person aggrieved by a ruling of the Board may appeal to the district court for the parish of East Baton Rouge. La. R.S. 37:1105(E). The district court conducts its judicial review pursuant to La. R.S. 49:950, et hseq., the Administrative Procedure Act (“APA”). That review is confined to the record, but upon request, the court shall hear oral argument and receive written briefs: La. R.S. 49:964(F). The agency decision can only be reversed or modified by the reviewing court if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
La. R.S. 49:964(G)
An “arbitrary” decision shows disregard of evidence or the proper weight thereof, while a “capricious” decision has no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Cedyco Corp. v. Dept. of Natural Resources, 07-2500, p. 6 (La.App. 1 Cir. 7/23/08), 993 So.2d 271, *425 275. Where the law allows for the agency or tribunal to exercise discretion, the statute’s plain language concludes that such exercise must be neither abusive nor clearly unwarranted. Id.
In modifying the Board’s decision on judicial review, the district court did not make a finding, as required by La. R.S. 49:964, that the Board’s conclusions were arbitrary or capricious or an abuse of discretion. Rather, the court found that while Ms. Chadwick appeared to have violated the rules, |sshe did not seem to have done so intentionally or in bad faith. However, La. R.S. 37:1110(A)(3) provides that the Board shall withhold, deny, revoke, or suspend a license upon proof that the licensee has violated the code; no mention is made of good or bad faith. We find ample evidentiary support in the record for the Board’s findings and conclusions, and the Board’s exercise of discretion in revoking Ms. Chadwick’s license was well within their statutory authority, as provided by La. R.S. 37:1110(A)(3). Thus, the district court erred in modifying the Board’s decision on judicial review.
CONCLUSION
The judgment of the district court modifying the Board’s decision revoking Ms. Chadwick’s license, to instead provide for a three-month suspension, is reversed. Costs of this appeal are assessed to Ms. Chadwick.
REVERSED.

. LAC 46:LX.2103(A)(1):
Primary Responsibility. The primary responsibility of counselors shall be to respect the dignity and to promote the welfare of clients.

. LAC 46:LX.2103(F)(1):
Avoid When Possible. Counselors shall be aware of their influential positions with respect to clients, and they shall avoid exploiting the trust and dependency of clients. Counselors shall make every effort to avoid dual relationships with clients that could impair professional judgment or increase the risk of harm to clients. (Examples of such relationships include, but are not limited to, familial, social, financial, business, or close personal relationships with clients.) When a dual relationship cannot be avoided, counselors shall take appropriate professional precautions such as informed consent, consultation, supervision, and documentation to ensure that judgment is not impaired and no exploitation occurs.

.LAC 46:LX.2103(H):
Multiple Clients. When counselors agree to provide counseling services to two or more persons who have a relationship (such as husband and wife, or parents and children), counselors shall clarify at the outset which person or persons are clients and the nature of the relationships they will have with each involved person. If it becomes apparent that counselors may be called upon to perform potentially conflicting roles, they shall clarify, adjust, or withdraw from roles appropriately.

. LAC 46:LX.2103(C)(1):
Disclosure to ' Clients. When counseling is initiated, and throughout the counseling process as necessary, counselors shall inform clients of the purposes, goals, techniques, procedures, limitations, potential risks and benefits of services to be performed, and other pertinent information. Counselors shall take steps to ensure that clients understand and implications of diagnosis, the intended use of tests and reports, fees, and billing arrangements. Clients have the right to expect confidentiality and to be provided with an explanation of its limitations, including supervision and/or treatment team professionals; to obtain clear information about their case records; to participate in the ongoing counseling plans; and to refuse any recommended services and be advised of the consequences of such refusal.

. LAC 46:1X2105(A)(1):
Respect for Privacy. Counselors shall respect their clients’ right to privacy and avoid illegal and unwarranted disclosures of confidential information.

. LAC 46:1X2105(A)(5):
Court Ordered Disclosure. When court ordered to release confidential information without a client’s permission, counselors shall request to the court that the disclosure not be required due to potential harm to the client or counseling relationship.

. LAC 46:LX.2105(A)(6):
Minimal Disclosure. When circumstances require the disclosure of confidential information, only essential information shall be revealed. To the extent possible, clients are informed before confidential information is disclosed.

. LAC 46:LX.2105(A)(7):
Explanation of Limitations. When counseling is initiated and throughout the counseling process as necessary, counselors shall inform clients of the limitations of confidentiality and identify foreseeable situations in which confidentiality must be breached.

. LAC 46:LX.2105(B)(2):
Family Counseling. In family counseling, information about one family member shall not be disclosed to another member without permission. Counselors shall protect the privacy rights of each family member.

. LAC 46:LX.2105(D)(2):
2. Confidentiality of Records. Counselors shall be responsible for securing the safety and confidentiality of any counseling records they create, maintain, transfer, or destroy whether the records are written, taped, computerized, or stored in any other medium.

. LAC 46:LX.2105(D)(5):
Disclosure or Transfer. Counselors shall obtain written permission from clients to disclose or transfer records to legitimate third parties unless exceptions to confidentiality exist as listed in § 2105.A. Steps shall be taken to ensure that receivers of counseling records are sensitive to their confidential nature.

. LAC 46:LX.2103(C)(3):
Inability to Give Consent. When counseling minors or persons unable to give voluntary informed consent, counselors shall act in these clients’ best interests.

. LAC 46:LX.2103(E)(1):
Personal Needs. In the counseling relationship, counselors shall be aware of the intimacy and responsibilities inherent in the counseling relationship, maintain respect for clients, and shall avoid actions that seek to meet their personal needs at the expense of clients.

. LAC 46:LX.2103(E)(2):
Personal Values. Counselors shall be aware of their own values, attitudes, beliefs, and behaviors and how these apply in a diverse society, and shall avoid imposing their values on clients.

. LAC 46:LX.2105(D)(1):
Requirement of Records. Counselors shall maintain records necessary for rendering pro *423 fessional services to their clients and as required by laws, regulations, or agency or institution procedures.

. LAC 46:1X2107(E)(3):
Reports to Third Parties. Counselors shall be accurate, honest, and unbiased in reporting their professional activities and judgments to appropriate third parties including courts, health insurance companies, those who are the recipients of evaluation reports, and others.

. LAC 46:1X2107(F)(3):
Clients Served by Others. When counselors learn that their clients are in a professional relationship with another mental health professional, they shall request release from clients to inform the other professionals and strive to establish positive and collaborative professional relationships.